IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**KARL JOHNSON**                                                                                      **PLAINTIFF**

v.                              **CASE NO. 4:20-CV-00342-BSM**

**EVERGREEN PACKAGING, INC.**                                            **DEFENDANT**

## ORDER

Evergreen Packaging, Inc.'s ("Evergreen") motion to dismiss [Doc. No. 29] is granted.

### I. BACKGROUND

Evergreen filed its first motion to dismiss Karl Johnson's complaint for failure to state a claim or in the alternative motion for more a definite statement in March 2020. Doc. No. 5. The motion to dismiss was denied and the alternative motion for a more definite statement was granted. Doc. No. 14. That order also dismissed Johnson's claims that arose before August 10, 2016. *Id.* Johnson then amended his complaint. [Doc. No. 25].

Johnson's amended complaint claims that Evergreen managers (1) made false claims about Johnson missing work and disciplined him for missing work; (2) demoted Johnson in retaliation, causing him to lose over $10/hour in wages; (3) nitpicked his work; (4) used derogatory tones that were not used against white employees; (5) targeted Johnson and falsely accused him of misconduct; (6) gave Johnson permission to go to HR but disciplined and threatened to fire him after he went to HR; and (7) escalated the negative treatment toward Johnson, which resulted his having to take leave in August 2017 because of a hostile

work environment and only collecting forty percent of his regular pay during that time. Evergreen now moves to dismiss Johnson's amended complaint for failure to state a claim. Doc. No. 29.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when the plaintiff fails to state a claim upon which relief may be granted. To meet the 12(b)(6) standard, a complaint must allege sufficient facts to entitle the plaintiff to the relief sought. See *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although detailed factual allegations are not required, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, are insufficient. *Id.* In ruling on a 12(b)(6) motion to dismiss, materials embraced by the pleadings, as well as exhibits attached to the pleadings and matters of public record, may all be considered. *Mills v. City of Grand Forks*, 614 F.3d 495, 498 (8th Cir. 2010).

## III. DISCUSSION

### A.   Statute of Limitations

Johnson's claims that arose prior to August 10, 2016 have been dismissed. Doc. No. 14. Those claims will not be addressed.

### B.   Failure to State a Claim

Evergreen's renewed motion to dismiss for failure to state a claim is granted. Once again, Johnson does not narrow down the date for his visit to HR beyond the year, he does not provide examples of how or when his work was nitpicked, he does not give any details of the derisive comments or attempts to provoke him, and he does not indicate who

threatened to fire him. *See* Doc. No. 14. The amended complaint fails to provide sufficient detail that would allow Evergreen to meaningfully respond to Johnson's claims.

## IV. CONCLUSION

For the forgoing reasons, Evergreen's motion to dismiss [Doc. No. 29] is granted. Johnson's amended complaint [Doc. No. 25] is dismissed with prejudice. The motion to stay deadlines [Doc. No. 35] is denied as moot.

IT IS SO ORDERED this 23rd day of December, 2020.

*/s/ Brian S. Miller*
UNITED STATES DISTRICT JUDGE